Daniel L. Barton, Esq., (SBN: 135806)

**NOLAN BARTON OLMOS LLP**

600 University Avenue
Palo Alto | CA | 94301
T 650.326.2980 | F 650.326.9704

Attorney for Defendant
ALFREDO MALDONADO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALFREDO MALDONADO,<br><br>　　　　　Defendant. | Case No. 3:18-cr-00277-EMC<br><br>**SENTENCING MEMORANDUM**<br><br>Date: March 20, 2019<br>Time: 2:30 p.m.<br>The Honorable Edward M. Chen |

Defendant Alfredo Maldonado, by and through his attorney Daniel L. Barton, hereby submits this Sentencing Memorandum for the Court's consideration in connection with Mr. Maldonado's sentencing.

## **INTRODUCTION**

Defendant requests that the Court impose no more than the mandatory minimum sentence of five years. This sentence is a severe and above-the-Sentencing Guidelines result appropriate for Mr. Maldonado, who is a dedicated father and hard worker who became involved in dealing drugs at a low level to sustain his own substance abuse habits that he developed while self-medicating his chronic pain and untreated mental health issues. Mr. Maldonado has no prior felony convictions. But for the mandatory minimum, the Sentencing Guidelines would call for a shorter sentence for his current offense.

# ARGUMENT

## I. Mandatory Minimum Is Appropriate Under the Guidelines

In the negotiated Plea Agreement, the United States and Mr. Maldonado's attorney jointly calculated the total offense level appropriate for Mr. Maldonado's sentence as a level 23. This calculation is premised on a base level offense of 24 (USSG § 2D1.1(c)(8)), a two-point increase for presence of a firearm (USSG § 2D1.1(b)(I)), and a three-point reduction for acceptance of responsibility (USSG § 3E1.1).

The Probation Office agrees with this calculation as well and finds that defendant has a Criminal History Category of I. The criminal history calculation is based on a misdemeanor battery from 2011 for which Mr. Maldonado received 2 days of jail time.

With a Criminal History Category of I and an adjusted offense level of 23, Mr. Maldonado falls into Zone D and has a guideline range of 46 – 57 months. Due to the quantity of methamphetamine Mr. Maldonado is charged with, however, 21 U.S.C. § 841 is triggered and imposes a mandatory minimum sentence of 60 months for his offense.

Mr. Maldonado agrees with the Guidelines calculations made in both the Plea Agreement and Presentence Report and believes no circumstances surrounding his offense warrant increasing his sentence not only beyond his guidelines range but beyond the mandatory minimum as well. Indeed, the Presentence Report notes that defendant's minimal criminal history, significant work history and likely deportation may be considered mitigating factors.

## II. A Sentence of Sixty Months Is Appropriate Under the Factors in 18 U.S.C. § 3553(a)

The factors in 18 U.S.C. § 3553(a) favor a sentence of no more than the mandatory minimum.

### a. The Nature and Circumstances of the Offense, 18 U.S.C. § 3553(a)(1)

One of the factors to be considered under section 3553(a) in determining the appropriate sentence is the nature and circumstances of the offense. Here, Mr. Maldonado sold methamphetamine in order to finance his personal drug habits, for which, prior to his current incarceration, he had not received treatment since he was 17 years old. His drug habits developed over a life of pain management following an early childhood spinal injury from a life-threatening fall from a horse, which doctors originally

believed would render Mr. Maldonado unable to walk and which in fact required lengthy and extensive rehabilitation.

Mr. Maldonado is forthcoming about his drug addiction. At the time of his arrest, he was a habitual user of marijuana, cocaine, methamphetamine, and Vicodin, using the former two daily and the latter two roughly twice a week. These habits took up a sizable portion of his income and eventually led Mr. Maldonado to begin selling drugs himself to try to sustain. Despite his addiction, Mr. Maldonado succeeded in maintaining a successful auto repair shop business and in supporting his wife and three children. Mr. Maldonado now regrets neglecting to seek treatment for his drug habits and intends to do so in the future, as his wife has long pushed him to do.

Mr. Maldonado's low-level dealing as a symptom of his own addiction is not the type of offense that warrants an above-guidelines sentence. Rather, he and society will be best served by giving him the drug treatment he needs and then allowing him to reintegrate such that he is able to cope with his physical pain and memories of abuse without the use of self-medication.

### b. The History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)

Mr. Maldonado is a very hard worker with entrepreneurial aspirations who is also an extremely dedicated and loving father. His childhood, however, was trying if not traumatic, leading to many of the mental health issues he is currently dealing with while receiving treatment in prison.

Mr. Maldonado was born in Ajijic, Mexico, as one of six children to a father who worked as a landscaper/laborer and a mother who worked as a homemaker and sold trinkets at the schools. His father had serious anger management issues and physically abused Mr. Maldonado, along with his mother and siblings, leading Mr. Maldonado to live in fear of him. His mother was stretched extremely thin trying to watch after six children on her own, such that Mr. Maldonado generally recalls little supervision from his parents on the day to day as a child, even though Ajijic was pervaded by an intense cartel presence.

Along with his father's physical abuse, Mr. Maldonado was physically abused by a family friend when he was 5 years old. This family friend threatened to harm Mr. Maldonado if he disclosed the details of the event to anyone, such that Mr. Maldonado stayed silent and suffered the ensuing trauma in private. He reports recurring and intrusive memories of the abuse.

Mr. Maldonado dropped out of school after finishing eighth grade in order to work fulltime for his family. Several years after meeting his future wife, the two decided to emigrate to Seattle, Washington, at age 22, where Mr. Maldonado worked as a self-employed welder. They had their first child while living there, after which time they moved to Redwood City, California, and had two more children.

In Redwood City, Mr. Maldonado worked as a mechanic for Auto Care of Redwood Shores, but he aspired to run his own business. After ten years of working at Auto Care of Redwood Shores, he and his older brother Gustavo founded Pilot Auto Care of San Mateo. Opening his own business came with many obstacles though, including a monthly income that was significantly lower than what he had been receiving at Auto Care of Redwood Shores. Mr. Maldonado struggled to pay his monthly family and business bills, especially since he had an addiction that was expensive to maintain.

Mr. Maldonado's family is his true pride and joy. Prior to his incarceration, he spent most of his free time with his wife and kids, picnicking in parks, shopping in flea markets, sharing in a passion for soccer and attending St. Matthew's Church of San Mateo. His family now suffers acutely in his absence. His wife has been forced to reenter the workforce as a babysitter and still struggles to singlehandedly support the family. And Mr. Maldonado's children miss their father's affection, as he was an integral part of their lives prior to his arrest. His youngest child, Dalia, also suffers from a heart condition that previously necessitated heart bypass surgery. Mr. Maldonado is now forced to worry about all the issues that arise from afar -- sharply aware of his inability to participate in solving the family's problems -- instead of being able to provide real personal and financial fatherly support.

While Mr. Maldonado has long suffered from what had previously been untreated depression and anxiety, his arrest and removal from his family led to a rapid decline in his mental state complete with suicidal ideations. His persistent feelings of isolation and remorse for his past decisions eventually led Mr. Maldonado to attempt suicide while in custody. He has since been placed on suicide watch and prescribed medication to manage his symptoms.

///

///

### c. Protection of the Public from Future Crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(C)

Mr. Maldonado has no history of violence other than a single misdemeanor battery conviction. Following his incarceration, Mr. Maldonado will be deported from the United States. The public will be best protected from Mr. Maldonado's drug dealing by allowing him the opportunity to receive meaningful substance abuse treatment. This result will best protect Mr. Maldonado, his family and the public at large.

### CONCLUSION

For the reasons stated above, Mr. Maldonado respectfully requests that the Court not impose a sentence in excess of the mandatory minimum term of sixty months.

Dated: March 13, 2019                                   Respectfully submitted,

                                                        NOLAN BARTON & OLMOS, LLP


                                                               /s/
                                                        _____
                                                        Daniel L. Barton
                                                        Attorney for Defendant Alfredo Maldonado